UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TERRANCE MOTTE | CIVIL ACTION NO. 6:18-cv-00547 |
| VERSUS | JUDGE JUNEAU |
| PROTECTIVE INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

## ORDER

Currently pending is the plaintiff's motion to compel and for in camera inspection. (Rec. Doc. 29). The motion is opposed. Considering the evidence, the briefs, the arguments of counsel, and the applicable law, and for the reasons explained below, the motion is granted in part and denied in part.

## Background

On the morning of March 22, 2016, Shawn Belaire dropped his truck off at Todd's Car Wash on Pinhook Road and went to work. Eric Fontenot, an employee of Todd's Car Wash, allegedly smoked a joint containing synthetic marijuana, then drove Mr. Belaire's truck onto Pinhook Road, crashing into the Federal Express truck that was being driven by the plaintiff, Terrance Motte. Mr. Motte, who was in the course and scope of his employment for Jason Perry Transport, Inc. at the time of the incident, allegedly sustained injuries in the collision. Mr. Motte is seeking to recover uninsured/underinsured motorists' coverage from Protective Insurance

Company, which provided UM coverage for the vehicle he was driving at the time of the accident.

## **Law and Analysis**

In resolving the motion, this Court is guided by Fed. R. Civ. P. 26, which states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in the rule.

The defendant's corporate deposition is scheduled to be taken in January 2020. In connection with that deposition, the plaintiff provided the defendant with seventeen topics to be addressed at the deposition and twenty requests for the production of documents at the deposition. (Rec. Doc. 29-7). The defendant responded to these discovery requests, articulating objections and producing a privilege log. The plaintiff now seeks to compel more complete responses from the defendant. Each item will be addressed in turn. However, this Court will not retype each and every request in its entirety but will refer to the requests by the numbers assigned on Exhibit A (the requests for production) and Exhibit B (the topics to be addressed)[1] to the deposition notice filed in the record.

---

[1]     Rec. Doc. 29-7 at 4-6 and Rec. Doc. 29-7 at 7-8, respectively.

**Areas of inquiry at the deposition.**

1. Protective's objections are overruled except that the inquiry shall be limited to *written* policies, procedures, and claim handling practices.

2. Protective's objections are overruled.

3. No deposition testimony regarding this area of inquiry shall be permitted because this item duplicates Item No. 1.

4. Protective's objections are overruled.

5. Protective's objections are overruled.

6. Protective's objections are overruled.

7. Protective's objections are sustained to the extent that, in responding to this area of inquiry, Protective's corporate representative shall address only those facts, observations, opinions, and determinations regarding the UM claim at issue in this lawsuit that are found in Protective's claim file or are within the representative's personal knowledge. Otherwise, Protective's objections are overruled.

8. Protective's objections are overruled.

9. Protective's objections are overruled.

10. Protective's objections are overruled.

11. Protective's objections are overruled.

12. No deposition testimony regarding this area of inquiry shall be permitted because this topic is duplicative of discovery already propounded and responded to.

13. Protective's objections are overruled.

14. Protective's objections are overruled except that the personnel history of any person involved in evaluating or adjusting the UM claim at issue in this lawsuit shall not be addressed at the deposition.

15. This area of inquiry is irrelevant. No invoices need be produced or addressed at the deposition.

16. Protective's objections are overruled.

17. No deposition testimony regarding this area of inquiry shall be permitted. This inquiry is premature. Opinions from any expert witnesses may be obtained from the experts themselves in accordance with the court's scheduling order.

**Documents requested to be produced at the deposition.**

1. This request is overly broad. Protective need not produce any documents protected by the attorney-client privilege or the attorney work product privilege.

2. This request is overly broad. However, Protective shall produce all written manuals, policies, directive, guidelines, and instructions that were in effect on or after March 22, 2016 and provided to the adjuster(s) who worked on this claim.

3. This request is overly broad. However, Protective shall produce all written resources pertaining to industry guidelines, standard practices, and recommended practices regarding UM claims handling practices that were in effect on and after March 22, 2016 and actually relied upon by the adjuster(s) working on this claim.

4. Protective shall produce the nonprivileged portions of its claim file. In other words, the claim notes created before counsel was retained shall be produced but no claims notes created thereafter shall be produced. No correspondence with legal counsel and no attorney work product shall be produced.

5. Protective's objections are overruled.

6. Protective's objections are overruled.

7. Protective's objections are overruled.

8. Protective's objections are overruled.

9. Protective's objections are overruled.

10. Protective's objections are overruled.

11. Protective's objections are overruled.

12. Protective's objections are overruled.

13. Protective's objections are overruled.

14. Protective's objections are overruled.

15. This request is overly broad. Only the listed materials that were actually provided to the adjuster(s) working on this claim must be produced.

16. No response to this request is required because this topic is duplicative of discovery already propounded and responded to.

17. Protective's objections are overruled.

18. Protective's objections are sustained to the extent that responsive documents are protected by the attorney-client privilege or the attorney work product privilege.

19. This request seeks irrelevant information. No invoices shall be produced.

20. Protective's objections are overruled.

## **Conclusion**

Based on the foregoing,

IT IS ORDERED that the plaintiff's motion to compel (Rec. Doc. 29) is GRANTED IN PART and DENIED IN PART, as set forth in detail above. To the extent that the plaintiff is seeking an *in camera* inspection, the motion is DENIED.

Signed at Lafayette, Louisiana, this 17th day of December 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE